# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**LISA JO CHAMBERLIN**                                                                          **PETITIONER**

**VS.**                                                              **CIVIL ACTION NO.: 2:11cv72-CWR**

**LYNN FITCH, Attorney General of the State
of Mississippi and BURL CAIN, Commissioner,
Mississippi Department of Corrections**                                     **RESPONDENTS**

## ORDER DENYING MOTION FOR JUDGMENT
## ON THE PLEADINGS UNDER RULE 12(c)

The Respondents have filed a Motion for Judgment on the Pleadings under Fed. R. Civ. P. Rule 12(c) [Doc. #105], seeking an Order denying the Petition for Writ of Habeas Corpus filed by Lisa Jo Chamberlin. According to the Respondents, this case became ripe for a decision after supplemental briefing was completed in 2020. However, shortly after that briefing was completed, Chamberlin moved for the appointment of supplemental counsel to review her case and determine whether her current attorneys, who represented her during her state post-conviction proceedings, were ineffective. Chamberlin suggested Carol Camp as supplemental counsel. This Court granted the Motion, but stated:

> Camp will be given a finite amount of time to identify the ineffectiveness issues, if any, and inform the Court whether Chamberlin wishes to pursue them. Should there be issues that need resolution, the Court will stay this case to permit a return to state court. Counsel are advised that regular reporting will be required, and failure to report, or evidence of undue delay in state court, could result in the stay in this case being vacated and the case returned to the active docket.

Order Granting Mot. Appt. Counsel, Doc. #100, 5.

Although Camp was appointed, the Court failed to give her a date by which to complete her review. That will be remedied; the review must be completed, and counsel must report to the Court whether there are issues that Chamberlin wishes to pursue in state court, within 30 days

after the entry of this Order.  With regard to the requirement of regular reporting, that is a condition regularly attached to cases that return to state court for exhaustion.  It is merely a tool for the Court to keep up with the status of the case in state court.  Otherwise, reporting is not a requirement during the pendency of the federal habeas case, and the Court expects to get no "report" from Chamberlin other than notice of whether she intends to return to state court to pursue unexhausted claims.

Finally, the Respondents argue that they should be given a copy of any reports submitted by Camp.  Camp is not functioning as an agent of the Court, but as Chamberlin's counsel, and she will not be required to submit any information to the Respondents.  Moreover, as stated above, the Court does not expect reports from Camp, but only requires notice with regard to whether Chamberlin intends to return to state court.  That notice should be filed with the Court, and the Respondents will automatically get a copy of it.

The Court is sympathetic to the Respondents' concern about delay in this matter, and implementation of these directives should get this case back on track.  Entry of judgment at this time would be premature, particularly if there are unexhausted issues that must be litigated in state court.  For these reasons, the Respondents' Motion will be denied.

**IT IS, THEREFORE, ORDERED** that the Respondents' Motion for Judgment on the Pleadings under Fed. R. Civ. P. Rule 12(c) [Doc. #105] is **DENIED.**

**IT IS FURTHER ORDERED** that, within 30 days of the entry of this Order, Chamberlin notify the Court whether she intends to return to state court to exhaust any unexhausted claims.

**IT IS SO ORDERED,** this the 11th day of January, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE